**FILED**

Dec 05 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ jillr          DEPUTY

1   DEVON K. ROEPCKE (SBN 265708)
2   **LAW OFFICES OF DEVON K. ROEPCKE**
    170 Laurel Street
3   San Diego, CA 92101
4   Telephone: (619) 940-5357
    Fax: (619)354-4157
5   droepcke@lawdkr.com

6
7   ERIC A. LAGUARDIA (SBN 272791)
    **LaGuardia Law, APC**
8   402 West Broadway, Suite 800
    San Diego, CA 92101
9   Telephone No: (619) 655-4322
10  Fax: (619) 655-4344,
    eal@laguardialaw.com
11

12  Attorneys for Plaintiff and the putative classes

13              **UNITED STATES DISTRICT COURT**

14             **SOUTHERN DISTRICT OF CALIFORNIA**

15
16  Harlan Zaback, individually and on          Case No.: **'19CV2327 CAB BGS**
    behalf of all others similarly situated;
17                                              CLASS ACTION COMPLAINT FOR:
18              Plaintiff,
                                                **(1) Violations of the California**
    vs.                                             **Consumers Legal Remedies Act,**
19                                                  **Civil Code § 1750, *et seq.*;**
20  KELLOGG SALES COMPANY; and              **(2) Unfair Business Practices,**
    DOES 1 through 10, inclusive;               **California Business & Professions**
21                                                  **Code §§ 17200, *et seq.*;**
22              Defendants.                    **(3) Violation of the California False**
                                                  **Advertising Law, California**
23                                                 **Business & Professions Code §§**
                                                   **17500, *et seq.*;**
24                                            **(4) Fraud;**
25                                            **(5) Intentional Misrepresentation;**
26                                            **(6) Negligent Misrepresentation;**
27                                            **(7) Quasi Contract (Unjust**
                                                  **Enrichment) Seeking Restitution**
28
                                              **DEMAND FOR JURY TRIAL**

-1-
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Harlan Zaback ("Plaintiff") brings this action on behalf of himself and all others similarly-situated against Kellogg Sales Company ("Kellogg") and alleges, on information and belief, except for information based on personal knowledge, as follows:

## **INTRODUCTION**

1.     Through false and deceptive packaging and advertising, Defendant intentionally misleads consumers into believing that its product "Bear Naked Granola Fit V'nilla Almond" is made with vanilla flavoring derived exclusively from vanilla beans when the ingredient list reveals otherwise.

2.     At all relevant times, Defendant has packaged, advertised, marketed, distributed, and sold "Bear Naked Granola Fit V'nilla Almond" to consumers via retail stores and online retail platforms throughout the continental United States with the misrepresentation that "Bear Naked Granola Fit V'nilla Almond" is made with vanilla flavoring derived exclusively from vanilla beans when the ingredient list reveals otherwise.

3.     Plaintiff and other consumers purchased "Bear Naked Granola Fit V'nilla Almond" because they reasonably believed, based on Defendant's packaging and advertising that "Bear Naked Granola Fit V'nilla Almond" is made with vanilla flavoring derived exclusively from vanilla beans. Had Plaintiff and other consumers known that "Bear Naked Granola Fit V'nilla Almond" is not flavored with flavoring derived exclusively from vanilla beans, they would not have purchased the "Bear Naked Granola Fit V'nilla Almond" or would have paid significantly less for it. As a result, Plaintiff and other consumers have been deceived and have suffered economic injury.

4.     Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased "Bear Naked Granola Fit V'nilla Almond" during the relevant statute of limitations period, for violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code

section 1750, *et seq.*, California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200, *et seq.,* California's False Advertising Law ("FAL"), California Business & Professions Code section 17500, *et seq.*, and for common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment.

5.     Plaintiff seeks to represent a Nationwide Class, a California Subclass, and a California Consumer Subclass (defined *infra* in paragraph 47) (hereinafter, collectively referred to as "Classes").

6.     As a result of the unlawful scheme alleged herein, Defendant has been able to overcharge Plaintiff and other consumers for its product, induce purchases that would otherwise not have occurred, and/or obtain wrongful profits. Defendant's misconduct has caused Plaintiff and other consumers to suffer monetary damages. Plaintiff, on behalf himself and other similarly situated consumers, seek damages, restitution, declaratory and injunctive relief, and all other remedies provided by applicable law or this Court deems appropriate.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the State of California, Defendant is a citizen of the State of Michigan, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from that of Plaintiff and members of the proposed Classes.

8.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise

intentionally avail themselves of the markets in the State of California through the promotion, marketing, and sale of "Bear Naked Granola Fit V'nilla Almond" in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9.      Venue is proper in this District under 28 U.S.C. § 1391(a)-(d) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

10.     Plaintiff Harlan Zaback is an individual that resides in the County of San Diego, California. Mr. Zaback purchased "Bear Naked Granola Fit V'nilla Almond" and in doing so saw and relied upon the representations on the packaging. Specifically, Mr. Zaback saw and relied on the following illustrations and representations on the packaging: use of the word "V'nilla" in the product's name on the front and back of the package; the words "naturally flavored" on front of package immediately below the words "V'nilla Almond"; a vignette of vanilla beans with only the word "Vanilla" below it on the back of package; and the words "natural flavors" in package's ingredient list. Based on these representations, Mr. Zaback believed he was purchasing granola with vanilla flavoring derived exclusively from vanilla beans.

11.     Mr. Zaback would not have purchased "Bear Naked Granola Fit V'nilla Almond" or would have paid significantly less for it had he known that it was not flavored with vanilla flavoring derived exclusively from vanilla beans. Therefore, Mr. Zaback suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein. Despite being misled by Defendant, Mr. Zaback wishes to and is likely to continue purchasing "Bear Naked Granola Fit V'nilla Almond" in the future if it is flavored with vanilla flavoring derived exclusively from vanilla beans. To this day, Mr. Zaback regularly shops at stores where "Bear Naked Granola Fit V'nilla Almond" is

sold. On some of these occasions, Mr. Zaback would like to buy the "Bear Naked Granola Fit V'nilla Almond," but has refrained from doing so because he cannot rely with any confidence on Defendant's representations regarding the vanilla flavor of the granola, especially since he was deceived in the past by Defendant. While Mr. Zaback currently believes that "Bear Naked Granola Fit V'nilla Almond," is not flavored with vanilla flavoring derived exclusively from vanilla beans, he lacks personal knowledge as to Defendant's food production practices, which may change over time, leaving room for doubt in his mind as to whether "Bear Naked Granola Fit V'nilla Almond" is flavored with vanilla flavoring derived exclusively from vanilla beans. This uncertainty, coupled with his desire to purchase "Bear Naked Granola Fit V'nilla Almond," is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.

12.     Defendant Kellogg Sales Company is a Delaware corporation with its principal place of business at One Kellogg Square, Battle Creek, Michigan 49016. Defendant is responsible for the production, marketing, and sales of "Bear Naked Granola Fit V'nilla Almond." Kellogg was founded in 1906 and is headquartered in Battle Creek, Michigan. Kellogg is a multi-billion-dollar food company that manufactures, markets, and sells a wide variety of cereals and snack bars, among other foods. Among these food products, Kellogg distributes, markets, labels, and sells a variety of granola products in various flavors under its "Bare Naked" brand, including "Bear Naked Granola Fit V'nilla Almond" purchased by Plaintiff.

## FACTUAL ALLEGATIONS

### A. Background

13.     Vanilla is one of the most popular and common ingredients in the world – whether as a primary flavor, a component of another flavor, or for its

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

aroma.[1]

14.    Vanilla is also the second most expensive flavoring ingredient after saffron.[2]

15.    Because of its versatility, high demand, high value, and the relatively limited supply of vanilla bean crops, vanilla is constantly subject to adulteration, extension, and imitation efforts. For the same reasons, there is strong incentive for bad actors to pass off less expensive and lower quality components as natural *vanillin*[3] derived from the vanilla bean.

16.    Tactics used to make consumers believe they are getting a product with only real vanilla include: adding synthetically produced *vinillin* derived from wood pulp, tree bark, coal tar, or anal secretions from beaver castor sacs[4]; "extending" vanilla with various flavoring substances with no connection or resemblance to real vanilla beans; and utilizing Tonka bean extract which is a source of coumarin, a substance banned for use in food in the US since 1954 based on possible safety concerns[5], among others.

---

[1] In 1908, E. M. Chace, Assistant Chief of the Foods Division of the U.S. Department of Agriculture's Bureau of Chemistry, noted "There is at least three times as much vanilla consumed [in the United States] as all other flavors together. *See* "The Manufacture of Flavoring Extracts," Yearbook of the United States Department of Agriculture 1908 (Washington, DC: Government Printing Office, 1909) pp.333–42, 333; *see also* "Vanilla: The Cultural History of the World's Most Popular Flavor and Fragrance" Rain, Patricia (2004).

[2] "Chemistry of Spices" Parthasarathy, V. A.; Chempakam, Bhageerathy; Zachariah, T. John (2008), p. 2.

[3] "Vanillin" is the primary component of the extract of the vanilla bean but does not have quite the same taste as the much more complex mixture of compounds found in natural vanilla extract.

[4] Mollie Bloudoff-Indelicato "Beaver Butts Emit Goo Used for Vanilla Flavoring**,** October 1, 2013, https://www.nationalgeographic.com/news/2013/10/beaver-butt-goo-vanilla-flavoring/#close

[5] FDA, 2008. Mexican "vanilla" with coumarin: no bargain. FDA Consumer Health Information at www.fda.gov/consumer.

17.    Section 341 of the Federal Food, Drug, and Cosmetic Act (FFDCA) directs the Food and Drug Administration (FDA) to establish standards for food where necessary to promote honesty and fair dealing in the interest of consumers.[6]

18.    The federal food standards, as FDA explains, are intended to "protect consumers from contaminated products and economic fraud" and have served as "a trusted barrier against substandard and fraudulently packaged food since their enactment in the 1938 FFDCA." Additionally, the federal food standards help create a "level playing field" environment where competitors cannot cut prices by selling inferior products.[7]

19.    Federal food standards allow consumers to trust that a standardized food is actually what it purports to be by establishing explicit specifications for the standardized food. Another important part of a food standard is its assigned common or usual name under which only conforming products may be sold. Once a food has a promulgated standard, only products that comply with the compositional and applicable production requirements of the standard may be marketed under the food standard name. Put differently, a food labeled with the name of the food that is subject to the standard must be composed of the ingredients specified in the applicable standard.

20.    FDA established a series of standards of identity specifically for vanilla products promulgated at 21 CFR 169.175 – 169.182 intended to alleviate potential consumer fraud by establishing specific requirements for vanilla extract and other standardized vanilla products. The need for consumers to be protected from fraudulent vanilla flavoring representations is reflected in the fact that vanilla flavorings are the only flavoring materials subject to a federal standard of identity.

21.    FDA defines vanilla beans at 21 CFR 169.3(a): "The term vanilla beans

---

[6] 21 U.S.C.A. § 341.
[7] FDA, 2007. FDA Consumer Update, "FDA's Standards for High Quality Foods."

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

means the properly cured and dried fruit pods of *Vanilla planifolia Andrews* and of *Vanilla tahitensis Moore*."

22.     The standards of identity set out by 21 CFR 169 for identifying vanilla extract and the other standardized vanilla products require standardized vanilla products be derived from "vanilla beans" as defined above under 21 CFR 169.3(a).

23.     In addition to Section 341, Section 343 of the FFDCA dictates that a food shall be deemed to be misbranded "[i]f it purports to be or is represented as a food for which a definition and standard of identity has been prescribed by regulations as provided by section 341 of this title, unless (1) it conforms to such definition and standard, and (2) its label bears the name of the food specified in the definition and standard, and, insofar as may be required by such regulations, the common names of optional ingredients (other than spices, flavoring, and coloring) present in such food."[8]

24.     Taken together, Sections 341 and 343 dictate where a flavor is represented as "vanilla" and/or tastes like vanilla it is subject to the standards of identity for vanilla flavorings set out by 21 CFR 169.175 – 169.182 and must comply with the labeling requirements for the standards. FDA's implementing regulations follow the legal principle that standards of identity supersede the general flavor labeling regulations because where there "is a flavor for which a standard of identity has been promulgated," then "it shall be labeled as provided in the standard."[9]

25.     If a food contains any artificial flavor which resembles or reinforces the characterizing flavor, the name of the food on the label should be accompanied by the common or usual name of the characterizing flavor and the word(s) 'artificial' or 'artificially flavored' e.g. 'artificial vanilla,' 'artificially flavored vanilla' or 'vanilla artificially flavored.

---

[8] 21 U.S.C.A. § 343.
[9] 21 C.F.R. § 101.22(g)

26.    Even if, for example, Defendant's "Bear Naked Granola Fit V'nilla Almond" (where vanilla is a characterizing flavor) is flavored with a combination that is part vanilla flavor derived exclusively from vanilla beans (like vanilla-extract) along with *vanillin* derived from some other "natural" but non-vanilla bean *vanillin* source (like tree bark), the proper labeling would be the general flavor and food labeling regulations at 21 CFR Section 101.22. In this example, though, the *vanillin* derived from tree bark is characterizing for vanilla and even though it qualifies as "natural flavor" under 21 CFR Section 101.22(a)(3) the labeling for the "Bear Naked Granola Fit V'nilla Almond" on the principal display panel must indicate that its granola contains an "artificial" flavor – the *vanillin* <u>not</u> from vanilla beans; and in such an example the ingredient statement could contain a statement of "natural and artificial flavors."[10] But even if this *is* the case with the vanilla flavor in "Bear Naked Granola Fit V'nilla Almond," Defendant's packaging for "Bear Naked Granola Fit V'nilla Almond" does neither.

## B. <u>Defendant's Packaging and Marketing Are Misleading</u>

27.    Defendant's "Bear Naked Granola Fit V'nilla Almond," along with the other Bare Naked granola products, is available to consumers nationwide from third-party retailers, including brick and mortar and online stores.

28.    Defendant's packaging and marketing of "Bear Naked Granola Fit V'nilla Almond" is misleading to reasonable consumers, including Plaintiff and other Class members.

---

[10] The FDA has weighed in on this point, specifically, stating that a food containing *vanillin* even produced consistent with the FDA definition of natural flavor "can bear the term 'vanillin,' 'natural flavor,' or 'contains natural flavor' <u>but the term natural flavor must not be used in such a way to imply that it is 'natural vanilla flavor' *because it is not derived from vanilla beans.*</u>" *See*: "Labeling Vanilla Flavorings and Vanilla-Flavored Foods in the U.S.," John B. Hallagan and Joanna Drake, The Flavor and Extract Manufacturers Association of the United States, April 25, 2018 article quoting May 6, 2009 Letter from FDA to a flavor industry member regarding "natural vanillin." (Emphasis added).

29.    Plaintiff purchased "Bear Naked Granola Fit V'nilla Almond" with the belief, based on Defendant's misleading packaging, that it is flavored with vanilla flavoring derived exclusively from vanilla beans when close inspection of the ingredient list reveals otherwise.

30.    A reasonable consumer is misled to believe "Bear Naked Granola Fit V'nilla Almond" is flavored with vanilla flavoring derived exclusively from vanilla beans based on the following illustrations and representations on Defendant's relevant packaging and advertising:

    (1) use of the word "V'nilla" in the product's name;

    (2) the words "naturally flavored" on front of package immediately below the words "V'nilla Almond";



///

///

///

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1       (3) a vignette of vanilla beans with only the word "Vanilla" below it on the

2          back of package;

3       (4) the words "natural flavors" in package's ingredient list;



18       (5) the words "natural vanilla flavor" in the narrative next to the product on

19          the Bear Naked website;





-11-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(6) and the narrative under "About Us" on the Bear Naked website, suggesting that their products are made from the "highest quality foods" without "unfamiliar ingredients," and that they keep their granola "good and wholesome."



company picnic is BYOB (bring your own bees). But the truth is, the bears keep us honest. Their instincts always point them to the highest quality foods found in the wild. Newfangled food science and unfamiliar ingredients scare and confuse our bears, turning them from jovial, happy-go-lucky granola makers into the scary bears Hollywood actors wrestle with to win awards. So when we say keeping our granola good and wholesome is in our best interest, we're not just talking about brand image.

31.    Ingredients: Whole grain oats, brown rice syrup, almonds, dried cane syrup, oat bran, brown rice, **natural flavors**, ground flax seeds. (Emphasis added).

32.    "Bear Naked Granola Fit V'nilla Almond" does not identify vanilla extract or vanilla flavoring as the flavoring source for its vanilla flavor, despite vanilla constituting a "characterizing flavor" based on its packaging, along with "almond."

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

33.     As explained above, when faced with general and specific regulations, the general rule is to use the specific ones, in this case the specific regulations for vanilla as opposed to general flavoring.

34.     Defendant's listing of "natural flavors" as opposed to vanilla flavor or vanilla extract is tacit acknowledgement that the "natural flavors" is not a synonym for the required vanilla ingredients. *Compare* 21 C.F.R. § 101.22 (natural flavor) *with* 21 C.F.R. § 169.175 (Vanilla extract.) and § 169.177 (Vanilla flavoring.).

35.     Additionally, it would make no sense to use a more expensive and higher quality ingredient (vanilla extract or vanilla flavor) but designate it with a general term that could be perceived by some consumers to cost less money and appearing on most foods in existence ("natural flavors").

36.     In short, the vanilla flavor in "Bear Naked Granola Fit V'nilla Almond" derived from any source other than the vanilla bean must be labeled as an artificial flavor, but it is not.

37.     Nowhere on the packaging does it disclose that the "Bear Naked Granola Fit V'nilla Almond" is flavored with anything other than vanilla flavoring derived exclusively from vanilla beans. Rather, as described above, the packaging uses words and even a picture of vanilla beans to misrepresent to Plaintiff and reasonable consumers that it *is* flavored with vanilla flavoring derived exclusively from vanilla beans.

38.     Through Defendant's packaging and advertising as described herein, Defendant has acknowledged its intent to create the impression that its "Bear Naked Granola Fit V'nilla Almond" is flavored with vanilla flavoring derived exclusively from vanilla beans.

39.     "Bear Naked Granola Fit V'nilla Almond" is misleading because it is marketed as if it is flavored with vanilla flavoring derived exclusively from vanilla beans (when it is not) next to other granola products marketed similarly but that actually are flavored with vanilla flavoring derived exclusively from vanilla beans.

40.     Where two similarly labeled products are situated in the same category or section of a store and their representations as to quality are identical, yet one is lacking the quantity of the characterizing ingredient (vanilla) or qualities, the reasonable consumer will be deceived.

41.     Accordingly, a reasonable consumer will and does pay more money for the misleading labeled product under the false impression that it contains the equivalent amount and/or type of the characterizing ingredients and possesses such qualities.

42.     The proportion of this characterizing component, vanilla, has a material bearing on price or consumer acceptance of the product because it is more expensive and desired by consumers.

43.     Had Plaintiff and Class members known the truth about "Bear Naked Granola Fit V'nilla Almond," they would not have purchased it or would have paid less for it.

44.     As a result of its misleading business practice, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that "Bear Naked Granola Fit V'nilla Almond" is made with vanilla flavoring derived exclusively from vanilla beans. Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

45.     Despite being misled by Defendant, Plaintiff wishes to and is likely to continue purchasing "Bear Naked Granola Fit V'nilla Almond" in the future if it is made with vanilla flavoring derived exclusively from vanilla beans. To this day, Plaintiff regularly shops at stores where "Bear Naked Granola Fit V'nilla Almond" is sold. On some of these occasions, Plaintiff would like to buy the "Bear Naked Granola Fit V'nilla Almond," but refrains from doing so because he cannot rely with any confidence on Defendant's representations regarding the ingredients, especially since he was deceived by Defendant in the past. While Mr. Zaback currently believes that "Bear Naked Granola Fit V'nilla Almond," is not flavored with vanilla

flavoring derived exclusively from vanilla beans, he lacks personal knowledge as to Defendant's food production practices, which may change over time, leaving room for doubt in his mind as to whether "Bear Naked Granola Fit V'nilla Almond" is flavored with vanilla flavoring derived exclusively from vanilla beans. This uncertainty, coupled with his desire to purchase "Bear Naked Granola Fit V'nilla Almond," is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.

## CLASS ACTION ALLEGATIONS

46.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

47.    Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Nationwide Class, California Subclass, and California Consumer Subclass. This action is also consistent with California Code of Civil Procedure section 382.

**Nationwide Class**
All persons in the United States who purchased "Bear Naked Granola Fit V'nilla Almond" within the relevant statute of limitations periods.

**California Subclass**
All persons, who are California residents who purchased "Bear Naked Granola Fit V'nilla Almond," or who purchased "Bear Naked Granola Fit V'nilla Almond" within the State of California, during the relevant statute of limitations periods.

**California Consumer Subclass**
All persons, who are California residents who purchased "Bear Naked Granola Fit V'nilla Almond," or who purchased "Bear Naked Granola Fit V'nilla Almond" within the State of California, for personal, family, or household purposes during the relevant statute of limitations periods.

48.    Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or

former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their staff.

49.     Plaintiff reserves the right to amend the above classes and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

50.     Plaintiff is a member of all Classes.

51.     **NUMEROSITY:** The potential members of the Classes as defined are so numerous that joinder of all the members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that Defendants have access to data sufficient to identify the members of the Classes.

52.     Plaintiff is informed, believes, and on that basis alleges that Defendant's records would provide information as to the number and location of all or a large portion of the class members.

53.     **COMMON QUESTIONS OF LAW AND FACT:** There are predominant common questions and answers of law and fact and a community of interest amongst Plaintiff's claims and those of the Classes concerning:

     a.     Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of "Bear Naked Granola Fit V'nilla Almond";

     b.     Whether Defendant's use of false or deceptive packaging and advertising constituted false or deceptive advertising;

     c.     Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

     d.     Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

e.    Whether Plaintiff and the Classes are entitled to damages and/or restitution, and in what amount;

f.    Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

g.    Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

54.    Defendant engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of "Bear Naked Granola Fit V'nilla Almond." Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

55.    **TYPICALITY:** The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

56.    **SUPERIORITY OF A CLASS ACTION:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Classes predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary. Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a class

action.

57. **ADEQUACY OF REPRESENTATION:** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the classes defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Classes and individual Plaintiff. Plaintiff's attorneys are experienced in consumer class action litigation. Plaintiff intends to prosecute this action vigorously.

58. This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Violation of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code §§ 1750, *et seq.*
(*for the California Consumer Subclass*)

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

60. Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

61. "Bear Naked Granola Fit V'nilla Almond" is a "good" within the meaning of California Civil Code section 1761(a), and the purchases of such "Bear Naked Granola Fit V'nilla Almond" by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of California Civil Code section 1761(e).

62. California Civil Code section 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing "Bear Naked

Granola Fit V'nilla Almond" with its current packaging and advertisements, Defendant has represented and continues to represent that the granola has characteristics (that it is flavored with vanilla flavoring derived exclusively from vanilla beans) which it is not. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

63.    California Civil Code section 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing "Bear Naked Granola Fit V'nilla Almond" with its current packaging and advertisements, Defendant has represented and continues to represent that the granola is of a particular standard, quality, or grade (that it is flavored with vanilla flavoring derived exclusively from vanilla beans) when it is of another (flavored with vanilla flavoring that is not derived exclusively from vanilla beans). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

64.    California Civil Code section 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By packaging and marketing "Bear Naked Granola Fit V'nilla Almond" with words, statements, and pictures so that a reasonable consumer would believe that the granola is flavored with vanilla flavoring derived exclusively from vanilla beans, and then intentionally not selling the granola as granola flavored with something other than vanilla flavoring derived exclusively from vanilla beans, Defendant has violated section 1770(a)(9) of the CLRA.

65.    At all relevant times, Defendant has known or reasonably should have known that "Bear Naked Granola Fit V'nilla Almond" was not flavored with vanilla flavoring derived exclusively from vanilla beans, but instead flavored with something other than vanilla flavoring derived exclusively from vanilla beans, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the packaging and other advertisements in

purchasing the granola.

66.     Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when purchasing "Bear Naked Granola Fit V'nilla Almond." Moreover, based on the materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the granola may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

67.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased "Bear Naked Granola Fit V'nilla Almond" or would have paid significantly less for "Bear Naked Granola Fit V'nilla Almond" had they known that Defendant's conduct was misleading and fraudulent.

68.     Under California Civil Code section 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

69.     Pursuant to California Civil Code section 1782, on December 5, 2019 Plaintiff notified Defendant in writing by certified mail of the violations of Section 1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and to give notice to all affected consumers of its intent to so act. Plaintiff sent this notice by certified mail, return receipt requested, to Defendant's principal place of business.

70.     Pursuant to California Civil Code section 1782(d), Plaintiff and the Classes seek a Court order enjoining the above-described wrongful acts and practices.

71.     Plaintiff has incurred attorneys' fees and costs in connection with the investigation and filing of this complaint and anticipates incurring additional

attorneys' fees and costs in connection with the prosecution of this action. An award of attorneys' fees is, therefore, appropriate pursuant to, among other grounds, California Civil Code section 1780(d).

72.    Plaintiff has suffered and will continue to suffer damages because of the violations discussed herein. The time for Defendant to respond to the letter referred to in the preceding paragraphs has not yet passed. When it does, Plaintiff will amend this complaint to seek, on behalf of himself and the Classes, compensatory, punitive, and all other available damages.

73.    In all, the injuries suffered by Plaintiff and/or members of the Classes as a direct result of Defendant's acts include:

    a.  Purchases made in reliance on the false representations made by Defendant; and

    b.  Money spent, that would otherwise not have been spent, had Plaintiff and the California Class known of the actual quality of the goods they were purchasing.

**SECOND CAUSE OF ACTION**
Violation of California's Unfair Competition Law ("UCL"),
California Business & Professions Code §§ 17200, *et seq.*
(*for the California Subclass and California Consumer Subclass*)

74.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

75.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant. Business and Professions Code section 17200 provides in pertinent part that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

76.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

77.    Defendant's false and misleading advertising of "Bear Naked Granola

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Fit V'nilla Almond" therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

78.     As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

79.     Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

80.     Defendant's conduct was and continues to be of no benefit to purchasers of "Bear Naked Granola Fit V'nilla Almond," as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the granola's packaging and marketing. Creating consumer confusion as to the actual ingredients and the characteristics of the granola is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair."

81.     As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

82.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

83.     Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that "Bear Naked Granola Fit V'nilla Almond" is flavored with vanilla flavoring derived exclusively from vanilla beans, when it is not. Because Defendant misled Plaintiff and members of both the California Subclass and California Consumer Subclass, Defendant's conduct was "fraudulent."

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

84.     As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

85.     Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of both the California Subclass and California Consumer Subclass, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CAUSE OF ACTION**
Violation of California's False Advertising Law ("FAL"),
California Business & Professions Code §§ 17500, *et seq*
(*for the California Subclass and California Consumer Subclass*)

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

87.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

88.     California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

89.     Defendant has represented and continues to represent to the public, including Plaintiff and members of both the California Subclass and California

Consumer Subclass, through Defendant's deceptive packaging and marketing, that "Bear Naked Granola Fit V'nilla Almond" was flavored with vanilla flavoring derived exclusively from vanilla beans. Defendant's representations are misleading because "Bear Naked Granola Fit V'nilla Almond" was not flavored with vanilla flavoring derived exclusively from vanilla beans. Because Defendant has disseminated misleading information regarding "Bear Naked Granola Fit V'nilla Almond," and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendant has violated the FAL.

90.    Moreover, Defendant knows, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

91.    As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and members of both the California Subclass and California Consumer Subclass.

92.    Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CAUSE OF ACTION**
Fraud
(*for the Classes*)

93.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

94.    Plaintiff brings this claim individually and on behalf of the members of

the Classes against Defendant.

95.    Defendant has willfully, falsely, or knowingly packaged and marketed "Bear Naked Granola Fit V'nilla Almond" in a manner indicating that "Bear Naked Granola Fit V'nilla Almond" was flavored with vanilla flavoring derived exclusively from vanilla beans. However, "Bear Naked Granola Fit V'nilla Almond" was not flavored with vanilla flavoring derived exclusively from vanilla beans. Therefore, Defendant has made misrepresentations as to "Bear Naked Granola Fit V'nilla Almond."

96.    Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics and quality of the granola received by consumers.

97.    Defendant knew or recklessly disregarded the fact that "Bear Naked Granola Fit V'nilla Almond" was not flavored with vanilla flavoring derived exclusively from vanilla beans.

98.    Defendant intends that Plaintiff and others consumers rely on these representations, as evidenced by Defendant intentionally using packaging that invokes vanilla flavoring derived exclusively from vanilla beans.

99.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing "Bear Naked Granola Fit V'nilla Almond" and had the correct facts been known, would not have purchased "Bear Naked Granola Fit V'nilla Almond" or would not have purchased it at the prices at which it was offered.

100.   Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for "Bear Naked Granola Fit V'nilla Almond," and any interest that would have accrued on those monies, all in an amount to be proven at trial.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**FIFTH CAUSE OF ACTION**
Intentional Misrepresentation
(*for the Classes*)

101.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

102.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

103.   Defendant marketed Bear Naked Granola Fit V'nilla Almond" in a manner indicating that "Bear Naked Granola Fit V'nilla Almond" was flavored with vanilla flavoring derived exclusively from vanilla beans. Defendant's representations are misleading because "Bear Naked Granola Fit V'nilla Almond" was not flavored with vanilla flavoring derived exclusively from vanilla beans. Therefore, Defendant has made misrepresentations regarding "Bear Naked Granola Fit V'nilla Almond."

104.   Defendant's misrepresentations regarding "Bear Naked Granola Fit V'nilla Almond" are material to a reasonable consumer because they relate to the characteristics and quality of the granola received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

105.   At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

106.   Defendant intends that Plaintiff and others consumers rely on these representations, as evidenced by Defendant's intentionally using packaging that invokes vanilla flavoring derived exclusively from vanilla beans.

107.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing "Bear Naked Granola Fit V'nilla Almond," and had the correct facts been known, would not have purchased "Bear Naked Granola Fit V'nilla Almond" or would not have purchased

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  it at the prices at which they were offered.

2      108.   Therefore, as a direct and proximate result of Defendant's intentional

3  misrepresentations, Plaintiff and members of the Classes have suffered economic

4  losses and other general and specific damages, including but not limited to the

5  amounts paid for "Bear Naked Granola Fit V'nilla Almond," and any interest that

6  would have accrued on those monies, all in an amount to be proven at trial.

7
                            **SIXTH CAUSE OF ACTION**
8                          Negligent Misrepresentation
                                (*for the Classes*)
9

10     109.   Plaintiff re-alleges and incorporates by reference all preceding

11  paragraphs.

12     110.   Plaintiff brings this claim individually and on behalf of the members of

13  the Classes against Defendant.

14     111.   Defendant marketed Bear Naked Granola Fit V'nilla Almond" in a

15  manner indicating that "Bear Naked Granola Fit V'nilla Almond" was flavored with

16  vanilla flavoring derived exclusively from vanilla beans. Defendant's

17  representations are misleading because "Bear Naked Granola Fit V'nilla Almond"

18  was not flavored with vanilla flavoring derived exclusively from vanilla beans.

19  Therefore, Defendant has made misrepresentations regarding "Bear Naked Granola

20  Fit V'nilla Almond."

21     112.   Defendant's misrepresentations regarding "Bear Naked Granola Fit

22  V'nilla Almond" are material to a reasonable consumer because they relate to the

23  characteristics and quality of the granola received by consumers. A reasonable

24  consumer would attach importance to such representations and would be induced to

25  act thereon in making purchase decisions.

26     113.   At all relevant times when such misrepresentations were made,

27  Defendant knew or was negligent in not knowing that "Bear Naked Granola Fit

28  V'nilla Almond" was not flavored with vanilla flavoring derived exclusively from

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  vanilla beans. Defendant had no reasonable grounds for believing its

2  misrepresentations were not false and misleading.

3      114.   Defendant intends that Plaintiff and others consumers rely on these

4  representations, as evidenced by Defendant's intentionally using packaging that

5  invokes vanilla flavoring derived exclusively from vanilla beans.

6      115.   Plaintiff and members of the Classes have reasonably and justifiably

7  relied on Defendant's negligent misrepresentations when purchasing "Bear Naked

8  Granola Fit V'nilla Almond," and had the correct facts been known, would not have

9  purchased "Bear Naked Granola Fit V'nilla Almond" or would not have purchased

10  it at the prices at which they were offered.

11      116.   Therefore, as a direct and proximate result of Defendant's negligent

12  misrepresentations, Plaintiff and members of the Classes have suffered economic

13  losses and other general and specific damages, including but not limited to the

14  amounts paid for "Bear Naked Granola Fit V'nilla Almond," and any interest that

15  would have accrued on those monies, all in an amount to be proven at trial.

16

17  **SEVENTH CAUSE OF ACTION**
    Quasi Contract/Unjust Enrichment/Restitution

18  (*for the Classes*)

19      117.   Plaintiff re-alleges and incorporates by reference all preceding

20  paragraphs.

21      118.   Plaintiff brings this claim individually and on behalf of the members of

22  the Classes against Defendant.

23      119.   Where a defendant has been unjustly conferred a benefit "through

24  mistake, fraud, coercion, or request" the return of that benefit is a remedy sought in

25  "a quasi-contract cause of action." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d

26  753, 762 (9th Cir. 2015). When a plaintiff alleges "unjust enrichment, a court may

27  'construe the cause of action as a quasi-contract claim seeking restitution." *Id.*

28      120.   As alleged herein, Defendant has intentionally and recklessly made

misleading representations to Plaintiff and members of the Classes to induce them to purchase "Bear Naked Granola Fit V'nilla Almond." Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff and members of the Classes therefore have been induced by Defendant's misleading and false representations about "Bear Naked Granola Fit V'nilla Almond," and paid for it when they would and/or should not have or paid more money to Defendant for it than they otherwise would and/or should have paid.

121.   Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the Classes.

122.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

123.   Accordingly, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

124.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, respectfully pray for following relief:

1.       Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Plaintiff's counsel as Class counsel;

2       2.     A declaration that Defendant's actions, as described herein, constitute

3  violations as described herein;

4       3.     An award of injunctive and other equitable relief as is necessary to

5  protect the interests of Plaintiff and the Classes, including, *inter alia*, an order

6  prohibiting Defendant from engaging in the unlawful act described above;

7       4.     An award to Plaintiff and the proposed classes of restitution and/or

8  other equitable relief, including, without limitation, restitutionary disgorgement of

9  all profits and unjust enrichment that Defendant obtained from Plaintiff and the

10  proposed classes as a result of its unlawful, unfair and fraudulent business practices

11  described herein;

12       5.     An award of all economic, monetary, actual, consequential, and

13  compensatory damages caused by Defendant's conduct;

14       6.     An award of punitive damages;

15       7.     An award to Plaintiff and his counsel of their reasonable expenses and

16  attorneys' fees;

17       8.     An award to Plaintiff and the Classes of pre and post-judgment interest,

18  to the extent allowable; and

19       9.     For such further relief that the Court may deem just and proper.

20                    **JURY DEMAND**

21       Plaintiff requests a jury on all triable issues.

22

23  DATED: December 5, 2019          **LaGuardia Law, APC**

24                         By: _s/Eric LaGuardia_____

25                         Eric A. LaGuardia

26                     **LAW OFFICES OF DEVON K. ROEPCKE, PC**

27

28                     Attorneys for Plaintiff

**Affidavit of Eric A. LaGuardia for CLRA Count**

I, Eric A. LaGuardia, am an attorney admitted to practice before this Court and I am counsel of record for Plaintiff in the above-captioned matter. I make this affidavit pursuant to California Civil Code §1780(d). Venue is proper in this District because it is within the county where Plaintiff's transaction at issued in this Complaint occurred. I declare under penalty of perjury under the laws of the United States of America the above is true and correct and of my own personal knowledge.

Dated: December 5, 2019             s/Eric A. LaGuardia
                                    Eric A. LaGuardia

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF